DAVID J. MICLEAN (SBN 115098)
dmiclean@micleangleason.com
CARMEN M. AVILES (SBN 251993)
caviles@micleangleason.com
KATHERINE D. PRESCOTT (SBN 215496)
kprescott@micleangleason.com
MICLEAN GLEASON LLP
411 Borel Avenue, Suite 310
San Mateo, CA  94402
Telephone:  (650) 684-1181
Facsimile:  (650) 684-1182

Attorneys for Plaintiff
POWER INTEGRATIONS, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POWER INTEGRATIONS, INC., a California corporation,<br><br>  Plaintiff,<br><br>v.<br><br>CHAN-WOONG PARK, an individual; and Does 1 to 20,<br><br>  Defendants. | Case No. 5:16-cv-02367-EJD<br><br>**JOINT CASE MANAGEMENT STATEMENT (RULE 26(f) REPORT) OF THE PARTIES AND [PROPOSED] ORDER**<br><br>**CMC Date: 9/29/2016**<br>**Time: 10:00 a.m.**<br>**Courtroom 4**<br><br>**Complaint Filed: 4/29/2016**<br>**Trial: TBD** |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER pursuant to the Standing Order for All Judges of the Northern District of California dated November 1, 2014, Federal Rule of Civil Procedure 26(f), and Civil Local Rule 16-9.  To the extent the parties could provide joint information they did so.  In other instances, each party's view is set forth.

1. **JURISDICTION AND SERVICE**

Plaintiff's Statement

As detailed in Plaintiff's Opposition to Defendant's Motion to Dismiss (Dkt. 20), this Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332 (a) (diversity jurisdiction) and there is personal jurisdiction over Defendant and venue is appropriate because Defendant was employed in the District and entered into an Employee Agreement Regarding Confidentiality and Inventions electing California law, has repeatedly reached out to Plaintiff's employees in this District and has sought to injure Plaintiff who is headquartered in this District.  Defendant does not contest service.  No Defendants remain to be served.

Defendant's Statement

As detailed in Defendant's Motion to Dismiss (Dkt. 18), Defendant contends that this Court lacks subject matter based on international comity and *forum non conveniens* principles, and also lacks personal jurisdiction over Defendant.  The motion to dismiss is set to be heard on February 9, 2017.  Defendant does not contest service.

2. **FACTS**

Plaintiff's Statement

Defendant is a former employee of Plaintiff.  Plaintiff signed an Employee Agreement Regarding Confidentiality and Inventions in San Jose, California, electing California law and agreeing to not disclose or use Plaintiff's proprietary information.  Both while an employee of Plaintiff and afterwards, Defendant filed patent applications and eventually obtained patents in the United States and Korea that use Plaintiff's proprietary information and that are properly owned by Plaintiff.  In 2015 and 2016,

Defendant represented to Plaintiff's customers that Plaintiff's products and power supply design recommendations infringe patents purportedly owned by Defendant (but that use Plaintiff's proprietary information) thereby disrupting Plaintiff's relationships with its customers.  Plaintiff does not assert patent infringement claims or seek a declaration of patent non-infringement or invalidity.  Defendant has not yet filed an answer, but Plaintiff anticipates that the parties will dispute ownership of the intellectual property and the propriety of Defendant's interactions with Plaintiff's customers.

<u>Defendant's Statement</u>

This action is essentially a Korean patent dispute, and the proper jurisdiction is Korea.  Defendant was an inventor in Korea before going to work for Plaintiff.  He worked for Plaintiff in California from 2001 to 2003, returned to Korea in 2003, and continued working for Plaintiff in Korea until 2008.  Since 2008, Defendant has continued to live and work in Korea, building his own business developing power supplies for electronic devices.  After leaving Plaintiff's employ, Defendant was granted Korean patents on his inventions, which were not based on Plaintiff's proprietary information.  While in Korea, Defendant wrote letters to Korean companies, notifying them that they were infringing on his Korean patents.  Plaintiff's action complains of those letters.

3.  **LEGAL ISSUES**

Plaintiff brings the complaint under the following causes of action: intentional interference with contractual relations, intentional and negligent interference with prospective economic relations, trade libel, and unfair competition (California Business and Professions Code § 17200).

Defendant contends that the court lacks both subject matter and personal jurisdiction, and that the Complaint fails to state a claim upon which relief may be granted.

4.  **MOTIONS**

Plaintiff previously moved to enlarge time to serve Defendant since it was necessary to serve Defendant pursuant to the Hague Convention.  (Dkt. 11).  Defendant previously moved to extend time to respond to the complaint.  (Dkt. 13).  Currently, there is one pending motion in this matter.  On August

22, 2016, Defendant filed a motion to dismiss under Fed. R. Civ. P. 12(b)(1), (2), and (6).  (Dkt. 18).  The motion is scheduled to be heard on February 9, 2017.

### 5. **AMENDMENT OF PLEADINGS**

Due to the pending motion to dismiss, Defendant has yet to file an answer.  Depending on the outcome of the pending motion to dismiss, it could lead to the filing of further or amended pleadings.

### 6. **EVIDENCE PRESERVATION**

The parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.  Counsel for the parties have notified their clients of their obligations to preserve evidence relevant to the issues reasonably evident in this action.

### 7. **DISCLOSURES**

Plaintiff anticipates that pursuant to Fed. R. Civ. P. 26(a)(1)(A), it will serve its Rule 26 Disclosures on September 21, 2016, within 14 days of the parties' Rule 26(f) conference that was completed on September 7, 2016.  Pursuant to Fed. R. Civ. P. 26(a)(1)(C), Defendant objected during the Rule 26(f) conference that in light of his motion to dismiss (Dkt. 18), which will not be heard until February 9, 2017 and raises both subject matter and personal jurisdictional challenges, initial disclosures are not appropriate until the Court rules on the motion.

### 8. **DISCOVERY**

<u>Plaintiff's Statement</u>

Plaintiff sought jurisdictional discovery and a continuance of the briefing schedule on the motion to dismiss from Defendant so that Plaintiff could obtain and cite to further evidence in support of its opposition to Defendant's motion to dismiss.  Because Defendant rejected Plaintiff's proposal, Plaintiff filed its opposition at the time required by the local rules, and did so without the benefit of jurisdictional

3

discovery. As the parties completed their Rule 26(f) conference on September 7, 2016, pursuant to Fed. R. Civ. P. 26(d)(1), Plaintiff contends that the parties may now immediately seek discovery and intends to do so. Plaintiff does not anticipate that any modifications to the applicable federal and local discovery rules will be required except as follows: for depositions where a translator is necessary the deposition shall not be limited to one day of 7 hours, but rather to two days of 12 hours total.

Defendant's Statement

In light of his pending motion to dismiss (Dkt. 18), which contests subject matter jurisdiction on international comity and *forum non conveniens* principles, as well as personal jurisdiction, Defendant contends discovery should be stayed until after the Court rules on Defendant's motion.

9. **CLASS ACTIONS**

This matter is not a class action.

10. **RELATED CASES**

Plaintiff's Statement

There are no related cases. An action is only related to another when "(1) The actions concern substantially the same parties, property, transaction or event; *and* (2) It appears likely that there will be an unduly burdensome duplication of labor and expenses or conflicting results if the cases are conducted before different Judges." N.D. Cal. Civ. L.R. 3-12. This case is a tort case involving claims of interference with Plaintiff's contractual and economic relations with its customers, trade libel, and unfair competition. This case stems from Defendant's interactions with third parties – Plaintiff's customers and their customers. *Power Integrations, Inc. v. Chan-Woong Park,* 5:16-cv-02366-HRL, on the other hand, is a contract dispute solely between Power Integrations and Mr. Park.

Defendant's Statement

Defendant has notified the Court that *Power Integrations, Inc. v. Chan-Woong Park,* 5:16-cv-02366-HRL, is a related case.

## 11. **RELIEF**

Plaintiff seeks its actual damages, including, but not limited to, lost sales and profits and consequential damages for interference with Plaintiff's current and prospective customer relationships.

## 12. **SETTLEMENT AND ADR**

The parties have discussed ADR options pursuant to ADR L.R. 3-5 and have engaged in direct settlement discussions. Plaintiff is willing to engage in private mediation. In light of his motion to dismiss for lack of both subject matter and personal jurisdiction (Dkt. 18), Defendant wishes to avoid any implied or inadvertent waiver of his challenges to jurisdiction. Without waiver, and if the Court finds that it has both subject matter and personal jurisdiction, Defendant's preferred form of ADR is a settlement conference before a magistrate judge. On September 9, 2016, Plaintiff submitted a Notice of Need for ADR Phone Conference. (Dkt. 22). An ADR Phone Conference is scheduled for September 26, 2016. (Dkt. 24)

## 13. **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

*Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.* ____ YES   _✓__ NO

## 14. **OTHER REFERENCES**

This case is not suitable for reference to binding arbitration, special master, or the Judicial Panel on Multidistrict Litigation.

## 15. **NARROWING OF ISSUES**

Any narrowing of issues will be addressed through pending or anticipated motions.

## 16. **EXPEDITED TRIAL PROCEDURE**

This case is not subject to expedited trial procedures.

17. **SCHEDULING**

Plaintiff proposes the schedule below.  Plaintiff disagrees with Defendant that most of the discovery in this case will have to be done in Korea.

| Event | Date |
| --- | --- |
| Last day for completion of non-expert discovery | June 29, 2017 |
| Last day for parties to designate experts in accordance with Fed. R. Civ. P. 26(a)(2) | July 27, 2017 |
| Last day for parties to designate rebuttal experts in accordance with Fed. R. Civ. P. 26(a)(2) | August 31, 2017 |
| Last day for expert discovery | September 21, 2017 |
| Last day for hearing of dispositive pretrial motions | Thursday, November 16, 2017 |
| Pretrial conference | Thursday, March 22, 2018 |
| Trial | Tuesday, April 17, 2018 |

In light of the fact that his motion to dismiss will not be heard until February 9, 2017 (Dkt. 18), and his belief that most of the discovery in this case would have to be done in Korea, Defendant proposes that each of the dates and deadlines proposed by Plaintiff be moved back four months, as follows:

| Event | Date |
| --- | --- |
| Last day for completion of non-expert discovery | October 29, 2017 |
| Last day for parties to designate experts in accordance with Fed. R. Civ. P. 26(a)(2) | November 27, 2017 |
| Last day for parties to designate rebuttal experts in accordance with Fed. R. Civ. P. 26(a)(2) | December 31, 2017 |
| Last day for expert discovery | January 21, 2018 |
| Last day for hearing of dispositive pretrial motions | March 16, 2018 |

| Event | Date |
|---|---|
| Pretrial conference | July 22, 2018 |
| Trial | Tuesday, August 14, 2018 |

18. **TRIAL**

Plaintiff respectfully demands a trial by jury on all issues so triable.  Plaintiff estimates that trial of this matter would require 7 trial days.  In the event his motion to dismiss (Dkt. 18) is denied, Defendant estimates 10 trial days.

19. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Plaintiff filed a Certification of Interested Entities of Persons on September 12, 2016 (Dkt. 23), stating the following:

> Power Integrations is a non-governmental corporate party in the above-captioned action.  Power Integrations does not have a parent corporation.  No publicly held corporation owns 10% or more of Power Integrations' stock.
> Pursuant to Civil Local Rule 3-15, the undersigned counsel certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:
> 1. Board of Directors:  Steven J. Sharp; Balu Balakrishnan; Alan D. Bicknell; Nicholas E. Brathwaite; William L. George; Balakrishnan S. Iyer; and E. Floyd Kvamme.
> 2. Management Team:  Balu Balakrishnan; Douglas Bailey; Radu Barsan; Mike Matthews; Sandeep Nayyar; Raja Petrakian; Thomas Simonis; Ben Sutherland; and Clifford Walker.
> Specifically, the individuals listed are the directors and management team of Power Integrations who have a financial interest, as defined by 28 U.S.C. § 455(d)(4), in Power Integrations.  Power Integrations notes that it has numerous employees who actively participate in its affairs, but it has only identified its directors and management team in this disclosure.

Defendant filed a Certification of Interested Entities or Persons on August 22, 2016, stating that other than the named parties, there is no such interest to report.

20. **PROFESSIONAL CONDUCT**

All attorneys of record have reviewed the guidelines for professional conduct for the Northern District of California.

21. **OTHER**

The parties have no other matters to raise at this time.

Dated:  September 21, 2016                    Respectfully Submitted,
                                              MICLEAN GLEASON LLP


                                              By:   /s/ *David J. Miclean*
                                                    David J. Miclean
                                                    Carmen M. Aviles
                                                    Katherine D. Prescott
                                                    Attorneys for Plaintiff Power Integrations, Inc.


Dated:  September 21, 2016                    Respectfully Submitted,
                                              LIMNEXUS LLP


                                              By:   /s/ *Lisa J. Yang*
                                                    Phillip Shinn
                                                    Lisa J. Yang
                                                    George Busu
                                                    Attorneys for Defendant Chang-Woong Park

## [PROPOSED] CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated:

THE HONORABLE EDWARD J. DAVILA
UNITED STATES DISTRICT JUDGE

**ECF ATTESTATION**

Pursuant to N.D. Cal. Civ. R. 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from each of the other Signatories.

Dated: September 21, 2016

Respectfully Submitted,
MICLEAN GLEASON LLP

By: __/s/ *David J. Miclean*_____
    David J. Miclean
    Carmen M. Aviles
    Katherine D. Prescott
    Attorneys for Plaintiff Power Integrations, Inc.