UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| POWER INTEGRATIONS, INC., <br><br>Plaintiff, <br><br>v. <br><br>CHAN-WOONG PARK, <br><br>Defendant. | Case No.  5:16-cv-02367-EJD <br><br>**ORDER DENYING DEFENDANT'S MOTION TO STAY DISCOVERY** <br><br>Re: Dkt. No. 33 |

Plaintiff Power Integrations, Inc. ("Plaintiff") alleges in this action for intentional and negligent interference with contractual relations, intentional and negligent interference with prospective economic relations, trade libel, and violation of California Business and Professions Code § 17200 that one of its former employees, Defendant Chan-Woong Park, has obtained Korean patents using Plaintiff's proprietary information and is using those patents to assert infringement claims against Plaintiff's customers.  In response to the Complaint, Park filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2) and 12(b)(6).  Park now moves to stay discovery pending resolution of that motion.  Dkt. No. 33.

This matter is suitable for resolution without oral argument, and the hearing scheduled for October 27, 2016, is VACATED.  Having considered the papers filed by both parties, the court finds, concludes and orders as follows:

1. Pursuant to Federal Rule of Civil Procedure 26(c)(1), "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending."  Upon such motion, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P.

26(c)(1).  Generally speaking, the moving party may demonstrate good cause "by demonstrating harm or prejudice that will result from the discovery." Rivera v. NIBCO, Inc., 364 F.3d 1057, 1063 (9th Cir. 2004).  "[A] party seeking to stay discovery carries the heavy burden of making a strong showing why discovery should be denied." Kor Media Grp., LLC v. Green, 294 F.R.D. 579, 581 (D. Nev. 2013).

2. Here, Park moves for a protective order staying all discovery during the pendency of a motion to dismiss.  In those circumstances, federal district courts routinely apply a two-prong test to determine whether a stay should issue:

> First, the pending motion must be potentially dispositive of the entire case, or must at least be dispositive on the issue to which the discovery is aimed.  Second, the court must determine whether the potentially dispositive motion can be decided without the discovery.  A protective order may issue if the moving party satisfies both prongs.

S.F. Tech. v. Kraco Enters. LLC, No. 5:11-cv-00355 EJD, 2011 U.S. Dist. LEXIS 59933, at *7, 2011 WL 2193397 (N.D. Cal. June 6, 2011).

Conversely, "if either prong of this test is negative, discovery proceeds." Seven Springs L.P. v. Fox Capital Mgmt. Corp., No. S-07-0142 LKK GGH, 2007 U.S. Dist. LEXIS 32068, at *4, 2007 WL 1146607 (E.D Cal. Apr. 18, 2007).  Moreover, even if both prongs are satisfied, a motion to stay discovery may still be denied if a "preliminary peek" at the pending motion shows the moving party is unlikely to prevail or that there exists a reasonable dispute as to the motion's merits.  See, e.g., Cuadros v. State Farm Fire & Cas. Co., No. 2:16-cv-2025-JCM-VCF, 2016 U.S. Dist. LEXIS 146195, at *3 (D. Nev. Oct. 20, 2016).

3. Park argues his motion to dismiss is potentially dispositive of the entire case because he has challenged subject matter jurisdiction as well as general and specific personal jurisdiction.  He also argues these issues can be decided without discovery because motions to dismiss under Rules 12(b)(1), 12(b)(2) and 12(b)(6) are normally decided based on the pleadings.  On these two points, the court agrees with Park to some extent; his motion can be decided without discovery and could be dispositive if granted on any of the jurisdictional arguments.

4. Plaintiff argues, however, that Park's motion is not necessarily dispositive. To that end, Plaintiff disputes Park's arguments concerning subject matter and personal jurisdiction, noting its own contentions that diversity jurisdiction exists in this action between a domestic corporation and a foreign domicile, and that Park has engaged in conduct sufficient to support general and specific personal jurisdiction. Plaintiff also points out it requested leave to conduct jurisdictional discovery in its opposition to the motion to dismiss. Thus, Plaintiff surmises Park's arguments on personal jurisdiction will not resolve the case in this court because it will be permitted leave to undertake jurisdictional discovery even if the court finds the current allegations are deficient. Furthermore, Plaintiff states the discovery it seeks overlaps with any jurisdictional discovery it may engage because Park's interactions with Plaintiff's customers in California are relevant to the issue of personal jurisdiction.

5. While the court recognizes that challenges to jurisdiction can sometimes present a stronger case for a discovery stay than do standard challenges for failure to state a claim, it nonetheless finds Park's jurisdictional arguments insufficient to support the relief requested through this motion. Indeed, a "preliminary peek" at Park's motion to dismiss and Plaintiff's opposition to it reveals that issues of subject matter and personal jurisdiction are the subjects of reasonable dispute, such that it cannot be confidently said that Park will succeed in ending the action or that his arguments are entirely meritorious. For example, Park will not prevail on his argument that this court lacks subject matter jurisdiction unless the court agrees with his characterization that this case actually seeks to litigate the validity of foreign patents, despite the legal claims Plaintiff asserts. Park does not, however, contest that diversity jurisdiction otherwise exists. Similarly, the court concurs with Plaintiff that a finding for Park on the issue of personal jurisdiction may not completely resolve this action because Plaintiff may still be entitled to jurisdictional discovery, some of which is encompassed in the discovery Plaintiff seeks.

6. Finally, the court is not convinced the potential for this case to be related to another case between these same parties is a reason to grant a stay of discovery. Since Plaintiff has declined to consent to a magistrate judge in this action, it is unlikely a reassignment will occur

3

Case No.: 5:16-cv-02367-EJD
ORDER DENYING DEFENDANT'S MOTION TO STAY DISCOVERY

1  even if the cases are deemed related under Civil Local Rule 3-12.  And in any event, the
2  possibility for any convenience gained through relation of cases cannot be equated with the need
3  for a protective order.
4        Based on the foregoing, the court finds that Park has not satisfied the "heavy burden"
5  imposed on parties seeking an outright stay of discovery.  His motion is therefore DENIED.

7  **IT IS SO ORDERED.**
8  Dated:  October 24, 2016


EDWARD J. DAVILA
United States District Judge

4
Case No.: 5:16-cv-02367-EJD
ORDER DENYING DEFENDANT'S MOTION TO STAY DISCOVERY